UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| KISHA D. CLYBURN, | |
|---|---|
| Plaintiff, | Civil Action No. 2:17-cv-562-SCM |
| v. | |
| | **OPINION ON ATTORNEY FEES AND COSTS** |
| GEM RECOVERY SYSTEMS, | |
| Defendant. | **[D.E. 17]** |

**STEVEN C. MANNION,** United States Magistrate Judge.

Before this Court is Plaintiff, Kisha D. Clyburn's ("Ms. Clyburn") motion for attorneys' fees and costs seeking $2,807.00, following her acceptance of an Offer of Judgment from Defendant Gem Recovery Systems ("Gem").[1] Gem opposed the motion.[2] The Court has jurisdiction over this action[3] and considered the parties' submissions.[4] For the reasons stated herein, Ms. Clyburn's motion for attorneys' fees and costs is **GRANTED IN PART**. The Court will award Ms. Clyburn $1,500.00 in attorneys' fees and $407.00 in litigation costs, for a total award of $1,907.00.

---

[1] (ECF Docket Entry No. ("D.E.") 17, Mot. for Fees and Costs); Fed. R. Civ. Proc. 68.

[2] (D.E. 20, Def. Opp'n).

[3] 28 U.S.C. § 1331.

[4] The parties consented to magistrate judge jurisdiction and the District Court referred this case to the undersigned to conduct all proceedings. (D.E. 14).

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**[5]

This case arises from alleged violations of the Fair Debt Collect Practices Act ("the Fair Debt Act").[6] Ms. Clyburn filed her Complaint on January 27, 2017, alleging that Gem Recovery Systems violated the Fair Debt Act while attempting to collect a consumer debt from Ms. Clyburn.[7] On March 22, 2017, Ms. Clyburn filed an Amended Complaint.[8] Gem is a debt collection firm.[9] Ms. Clyburn alleges that on or about November 6, 2016, Gem attempted to collect on her consumer debt by issuing a collection letter, the terms of which violated the Fair Debt Act.[10]

The Fair Debt Act requires that debt collectors provide consumers with written notice of certain rights with regard to the validation of debts.[11] Ms. Clyburn alleges that although Gem provided the notice of rights required under the Fair Debt Act, the earlier paragraphs "completely overshadowed" and contradicted the subsequent notice of rights in violation of the Act.[12] Additionally, Ms. Clyburn alleges that Gem mailed the collection letter in a window envelope that revealed Ms. Clyburn's personal identifying information in violation of the Fair Debt Act.[13]

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 1, Compl.; D.E. 3, Am. Compl.).

[7] (D.E. 3, Am. Compl., at ¶3-4, 7-10).

[8] (D.E. 3, Am. Compl.).

[9] (D.E. 3, Am. Compl., at 4).

[10] (D.E. 3, Am. Compl., at ¶10-19).

[11] 15 U.S.C. § 1692g(a).

[12] (D.E. 3, Am. Compl., at ¶13-19 (*citing Russel v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996))).

[13] *Id.*

Subsequently, the parties litigated the case lightly and briefly. Gem filed its Answer and Amended Answer on May 3, 2017.[14] On May 30, 2017, Gem served an Offer of Judgment ("the Offer") under Rule 68,[15] which states in relevant part:

> Defendant . . . hereby offers to allow Judgment to be entered against it in this action, as follows: 1. In the amount of [$1,001.00], in full satisfaction of the Plaintiff's claims, and 2. [f]or costs incurred to the date of this offer, and 3. [f]or reasonable attorney fees incurred to the date of this offer in the amount to be determined by the Court, or through negotiation.[16]

On July 5, 2017, the Court held a Rule 16 conference,[17] and Ms. Clyburn accepted the Offer on July 6, 2017.[18] On September 12, 2017, the Court held another telephone conference.[19]

The parties negotiated but were unable to settle the issue of Ms. Clyburn's reasonable attorneys' fees and costs, and on August 4, 2017, Ms. Clyburn filed the present motion for attorneys' fees and costs.[20] On September 8, 2017, Gem filed a Certification in Opposition.[21]

Ms. Clyburn's motion seeks $2,807.00 in attorneys' fees and costs.[22] Gem opposes Ms. Clyburn's motion on several grounds. Gem contends that Ms. Clyburn may not recover fees beyond the date of the Offer of Judgment, May 30, 2017; that Ms. Clyburn's attorney has expended

---

[14] (D.E. 5, Answer; D.E. 6, Am. Answer).

[15] Fed. R. Civ. Proc. 68.

[16] (D.E. 11, Notice of Acceptance and Offer of J.).

[17] (D.E. 8, Scheduling Order).

[18] (D.E. 11, Notice of Acceptance and Offer of J.).

[19] (D.E. 10, Text Order).

[20] (D.E. 17, Pl.'s Mot. for Att'y Fees and Costs).

[21] (D.E. 20, Def.'s Opp'n).

[22] (D.E. 17-3, Ex. A, Itemized & Expense Charges).

an unreasonable number of hours on certain tasks; and that Ms. Clyburn may not recover for attorney hours spent on administrative tasks.[23]

## II. LEGAL STANDARD

Under the Fair Debt Act, a "debt collector who fails to comply with any provision"[24] of the Act "with respect to an individual plaintiff is liable for any actual damages sustained as well as statutory damages as awarded by the court, not to exceed $1,000.00."[25] In the case of successful actions to enforce liability, the Act provides for an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court."[26]

In the context of awarding attorneys' fees under the Act, a plaintiff may be considered a "prevailing party" if a "plaintiff succeeds on any significant issue in litigation which achieves some of the benefit plaintiff sought by bringing the suit."[27] The Third Circuit has held that successful cases under the Fair Debt Act require an award of attorney's fees and that those fees "should not be construed as a special or discretionary remedy."[28]

The Fair Debt Act specifically provides that an attorney's fee must be "reasonable,"[29] one which is "adequate to attract competent counsel, but which [does] not produce windfalls to

---

[23] (D.E. 20, Def.'s Opp'n, at ¶4-10).

[24] 15 U.S.C. § § 1692k(a)(1), (a)(2)(A).

[25] *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 457 (D.N.J. 2012); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

[26] 15 U.S.C. § 1692k(a)(3); *see also Graziano*, 950 F.2d at 113).

[27] *Bilazzo*, 876 F. Supp. 2d at 457.

[28] *Graziano*, 950 F.2d at 113.

[29] 15 U.S.C. § 1692k(a)(3).

attorneys."[30] In order to determine a reasonable fee under the Fair Debt Act, courts must calculate the "lodestar" amount by "multiplying the total number of hours reasonably expended by a reasonable hourly rate."[31]

As the moving party, Ms. Clyburn bears the burden of proving that her requested hourly rates and hours claimed are reasonable.[32] If the opposing party wishes to challenge the fee award, the opposing party must then object "with sufficient specificity."[33] Once an "adverse party raises specific objections to the fee request, the district court has a great deal of discretion to adjust the award in light of those objections."[34] After such an objection, "the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable."[35]

### III. DISCUSSION AND ANALYSIS

With the above principles in mind, the Court notes that Gem does not dispute that the Fair Debt Act provides for an award of reasonable attorney's fees and costs, nor does Gem dispute that Ms. Clyburn is a prevailing party in this matter due to her recovery of a judgment for $1,001.00.[36]

---

[30] *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 (3d Cir.1995) (internal quotation marks omitted) (citations omitted).

[31] *Bilazzo*, 876 F. Supp. 2d at 458.

[32] *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[33] *Id.*

[34] *Blakey v. Cont'l Airlines*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998) (citations omitted).

[35] *Interfaith*, 426 F.3d at 703 n.5.

[36] (D.E. 20, Def.'s Opp'n; D.E. 11 Notice of Acceptance).

Accordingly, the Court will address the only issue in dispute, whether Ms. Clyburn's requested attorneys' fees are reasonable.

### a. Breakdown of Fee Award Sought

Ms. Clyburn seeks an award of attorneys' fees and costs totaling $2,807.00.[37] Ms. Clyburn requests an award of fees for Yaakov Saks, Esq., for 6.4 hours at $375.00 per hour – totaling $2,400.00. Ms. Clyburn also seeks to recover $407.00 in litigation costs.[38] Gem does not dispute Ms. Clyburn's ability to recover these litigation costs pursuant to the Offer of Judgment.[39] Accordingly, the Court will add the $407.00 in costs to the lodestar calculation set forth below.

### b. Compensable Period

As a preliminary matter, Gem objects to the inclusion of any fees incurred after the date in the Offer of Judgment ("the Offer"), May 30, 2017.[40] In contrast, Ms. Clyburn seeks attorneys' fees for reviewing and analyzing the Offer itself, on June 5, 2017.[41]

Under the Rules, a party may offer to allow judgment against it "on specified terms, with the costs then accrued."[42] "Thus, an offer of judgment pursuant to Rule 68 constitutes a contract which 'should be interpreted like any other contract.'"[43] In drafting the terms of an offer of

---

[37] (D.E. 17, Mot. for Fees and Costs, at 1).

[38] (D.E. 17-1, Aff. in Supp. of Mot., at ¶7).

[39] (D.E. 20, Def.'s Opp'n).

[40] (D.E. 20, Def.'s Opp'n, at ¶8).

[41] (D.E. 17-3, Ex. A., Itemized Time & Expenses).

[42] Fed. R. Civ. Proc. 68(a).

[43] *Bilazzo*, 876 F. Supp. 2d at 459 (quoting *Kyreakakis v. Paternoster*, 732 F.Supp. 1287, 1290 n. 3 (D.N.J.1990)).

6

judgment "a party may specify within the offer of judgment a cut-off date for the accrual of fees and costs," which acts as "an enforceable temporal limitation on plaintiff's potential attorney's fees."[44]

In the present case, the relevant language of Gem's Offer provides "[f]or reasonable attorney fees *incurred to the date of this offer*."[45] Gem served the Offer on May 30, 2017, and listed that same date as the date of the Offer.[46] Ms. Clyburn accepted the Offer on July 6, 2017.[47] Nevertheless, Ms. Clyburn argues for attorneys' fees for one entry beyond May 30, 2017, 0.4 hours for reviewing and analyzing the Offer of Judgment itself.[48]

Here, the Offer plainly states that it allows for reasonable attorney fees "incurred to the date of th[e] offer," which was May 30, 2017.[49] The Court finds that the terms of Gem's Offer were clear and constitute a reasonable temporal limitation on Ms. Clyburn's recoverable attorneys' fees.[50] If Ms. Clyburn "wanted to ensure recovery of attorneys' fees incurred after the date of the Offer, including those related to preparation of this motion, [she] was free to reject the Offer outright or negotiate for different terms."[51] Ms. Clyburn did not do so, and in accepting the Offer,

---

[44] *Id.*

[45] (D.E. 11-1, Ex. A., Offer of J., at ¶3 (emphasis added)).

[46] (D.E. 11-1, Ex. A., Offer of J., at 3).

[47] *Id.*

[48] (D.E. 17-3, Ex. A – Itemized Time & Expenses, at 2).

[49] (D.E. 11-1, Ex. A., Offer of J.).

[50] *Bilazzo*, 876 F. Supp. 2d at 459.

[51] *Id.* at 460.

Ms. Clyburn agreed to limit her recoverable attorneys' fees to those incurred through May 30, 2017.[52]

Accordingly, the Court will exclude the amount for services after May 30, 2017, which total $150.00.[53]

### c. Reasonable Hourly Rates

Next, Ms. Clyburn submits the Declarations of Yaakov Saks, Esq. ("Mr. Saks") a partner at the law firm of RC Law Group, PLLC, who seeks fees at $375.00 per hour, in support of Ms. Clyburn's motion for fees and costs.[54] Because Gem does not contest the requested hourly rate, the Court approves Ms. Clyburn's requested hourly rate of $375.00 per hour for Mr. Saks.[55]

### d. Reasonable Hours Expended

Turning then, to whether Ms. Clyburn's claimed hours are reasonable, a party "is not automatically entitled to compensation for all the time its attorneys spent working on the case."[56] Instead, a court must "decide whether the hours set out were reasonably expended for each of the particular purposes described, and then exclude those that are excessive, redundant, or otherwise unnecessary."[57] A court "may not reduce an award *sua sponte*" and must only do so in response to

---

[52] *Id.* at 460-61.

[53] (D.E. 17-3, Ex. A – Itemized Time & Expenses, at 2).

[54] (D.E. 17-2, Decl. of Yaakov Saks, Esq.).

[55] *Interfaith*, 426 F.3d at 711.

[56] *Id.*

[57] *Id.* (internal quotation marks omitted).

an opposing party's specific objections.[58] Once an opposing party has made a specific objection, the burden lies with the prevailing party to justify its request.[59]

Gem objects to the following time entries:

(1) January 23, 2017, "Communicate (with client) and discuss violation [1.3]";

(2) January 26, 2017, "Draft/revise complaint and file [1.5]";

(3) January 27, 2017, "Document/File Management complaint [0.5]";

(4) January 30, 2017, "Document/File Management-download documents and prepare summons [0.4]";

(5) March 22, 2017, "Draft/revise- amend complaint [1.1]."[60]

First, as to Mr. Saks' initial communications with Ms. Clyburn; Gem contends that Mr. Saks could not have spent 1.3 hours on a "simple, uncomplicated allegation" of the Fair Debt Act because there were "no factual issues" to explore.[61] Although this matter may be "simple" to the attorneys involved, the Fair Debt Act imposes complex, technical requirements, that "laypersons cannot [be] expected to know about or understand, absent information provided by an attorney."[62] Accordingly, the Court finds that 1.3 hours is a reasonable amount of time to discuss an alleged Fair Debt Act violation with a potential client.

As for Mr. Saks' drafting of the Complaint, Gem contends that the Complaint in this matter is "identical except for names and dates" in three separate actions by Ms. Clyburn's counsel against

---

[58] *Id.*

[59] *Id.*

[60] (D.E. 17-3, Ex. A – Itemized Time & Expenses at 2; D.E. 20, Def.'s Opp'n, at ¶4-10).

[61] (D.E. 20, Def.'s Opp'n, at ¶4).

[62] *Jandek v. Hearst Corp.*, No. 98 C 3864, 1999 WL 966966, at *2 (N.D. Ill. Oct. 1, 1999).

Gem.[63] Gem alleges that all Mr. Saks would have needed to draft this six-page Complaint was to enter a name and date "in a search and replace function on any word processing program."[64] Consequently, Gem argues that it "is inconceivable that an experienced attorney, as Mr. Saks . . . could spend" 1.5 hours drafting this Complaint.[65] Gem does not, however, provide the Court with examples of the alleged, nearly identical Complaints against Gem.

The Court finds that the Complaint included sufficient information specific to Ms. Clyburn's case, such that Mr. Saks could have expended 1.5 hours drafting and then revising this Complaint.[66] For example, paragraphs fifteen through twenty-two of the Complaint detail how Gem's particular collection letter violated the Fair Debt Act.[67] Accordingly, Ms. Clyburn may recover fees Mr. Saks' 1.5 hours drafting and revising this Complaint.

Next, Gem argues that Plaintiff may not recover for the time Mr. Saks spent on "Document/File Management complaint [0.5]" and "Document/File Management-download documents and prepare summons [0.4]," because they are "entirely clerical in nature."[68]

As a general rule, attorneys do not normally bill clerical or administrative tasks to paying clients, and may not recover such fees through a fee petition.[69] "Administrative tasks generally include, but are not limited to, opening a file in a database, entering case updates in a management

---

[63] (D.E. 20, Def.'s Opp'n, at ¶5).

[64] *Id.*; (D.E. 1, Compl.).

[65] (D.E. 20, Def.'s Opp'n, at ¶5).

[66] (D.E. 1, Am. Compl.).

[67] (D.E. 1, Compl., at ¶15-22).

[68] (D.E. 20, Def.'s Opp'n, at ¶6).

[69] *Bilazzo*, 876 F. Supp. 2d at 471-72 (quoting *Pub. Interest Research Grp.*, 51 F.3d at 1188).

system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk."[70]

The Court will exclude of the challenged 0.9 hours as they appear on their face, to be purely administrative tasks.[71]

Finally, Gem contends that the 1.1 hours Mr. Saks spent to draft and revise the Amended Complaint is unreasonable.[72] Gem alleges that Mr. Saks' filed the original Complaint against an incorrect defendant, "that had nothing to do with the allegations set forth in the complaint, and whose name did not appear on any of the documents upon which the claim is based."[73] Consequently, Gem argues that it should not be responsible for "carelessness," especially since Mr. Saks has "filed at least two other actions based upon the same allegations against" Gem.[74]

The Court notes that the Complaint and Amended Complaint appear identical, with the exception of Gem replacing all instances of ARMC Financial Services.[75] Since Ms. Clyburn has not satisfied her burden to establish that this amount of time is reasonable, and offers no response to explain the time spent amending the Complaint,[76] the Court will exclude 1.1 hours from Ms. Clyburn's fee award.

---

[70] *Id.* at 472.

[71] *Id.*

[72] (D.E. 20, Def.'s Opp'n, at ¶ 7).

[73] *Id.*

[74] *Id.*

[75] (*Compare* D.E. 1, Compl., *with* D.E. 3, Am. Compl.).

[76] *Interfaith*, 426 F.3d at 703 n.5.

### e. Lodestar Calculation

For the reasons set forth above, the lodestar in this case is as follows:

| Legal Professional | Reasonable Hourly Rate | Reasonable Hours Expended | Subtotal of Recoverable Fees |
|---|---|---|---|
| Yaakov Saks, Esq. | $375.00 | 4.0 | $1,500.00 |

Gem does not argue for a downward adjustment of the lodestar in this case, and accordingly, the Court will not do so *sua sponte*.[77] In conclusion, Ms. Clyburn is entitled to recover $1,500.00 in attorneys' fees and $407.00 in litigation costs, for a total award in the amount of $1,907.00.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Ms. Clyburn's motion for attorneys' fees and costs is hereby **GRANTED IN PART**. The Court awards Ms. Clyburn $1,500.00 in attorneys' fees and $407.00 in litigation costs, for a total award of $1,907.00. An appropriate order will follow.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/13/2017 9:30:13 AM

Original: Clerk of the Court
cc: All parties
   File

---

[77] *Id.* at 711.